JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SARA-BRADY McGINN
517 WILKES STREET
ALEXANDRIA, VA 22314

(b) County of Residence of First Listed Plaintiff: ALEXANDRIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
LARRY S. GONDELMAN
POWERS PYLES SUTTER & VERVILLE, PC
1501 M STREET, NW SUITE 700
WASHINGTON, DC 20005   202.466.6550

## DEFENDANTS
GEORGETOWN VISITATION PREPARATORY SCHOOL
1524 34TH ST. NW
WASHINGTON, DC 20007

County of Residence of First Listed Defendant: WASHINGTON
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 USC §1332
Brief description of cause: NEGLIGENCE - PERSONAL INJURY

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 1,348,368.60
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*: JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA-BRADY MCGINN<br>517 Wilkes Street<br>Alexandria Virginia 22314<br><br>Plaintiff,<br><br>v.<br><br>GEORGETOWN VISITATION PREPARATORY<br>　　　　SCHOOL<br>1524 35th Street, NW<br>Washington, DC  20007<br><br>Defendant. | )<br>)<br>)<br>)　Case No:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I.   THE PARTIES

1. Plaintiff Sara-Brady McGinn is and was at all times relevant to this Complaint a resident and citizen of the Commonwealth of Virginia.

2. Defendant Georgetown Visitation Preparatory School ("the School") is and was at all times relevant to this Complaint a District of Columbia corporation with its principal place of business in the District of Columbia and qualified and registered to do business in the District of Columbia.

### II.   JURISDICTION AND VENUE

3. Plaintiff incorporates the allegations of paragraphs 1-2 of this Complaint as though said paragraphs were fully set forth herein.

4. Venue is proper in this Court because the Defendant regularly conducts substantial business in this district.

5. Venue is proper in this Court because this action involves claims arising out of an accident that occurred in this district.

6. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount of her damages exceeds $75,000.00.

### III. GENERAL ALLEGATIONS

7. Plaintiff incorporates the allegations of paragraphs 1-6 of this Complaint as though said paragraphs were fully set forth herein.

8. Sara-Brady McGinn was at all times relevant to this Complaint a student at Georgetown Visitation Preparatory School. She was attending the School on February 27, 2015 and was lawfully on the premises of the School on that date.

9. On February 26, 2015, the School was closed due to snow.

10. On February 27, 2015, many roads and sidewalks in the District of Columbia were still treacherous with snow and ice.

11. On February 27, 2015, the School did not cancel or delay the start of classes, but decided to start classes on time despite the fact that it had not cleared or treated all of the sidewalks on campus.

12. After arriving at the School and while walking from the parking lot to the classrooms, Plaintiff slipped on the ice and fell. Plaintiff fractured her left wrist radial head and also dislocated her distal radioulnar joint.

13. Plaintiff was originally taken to George Washington Hospital and was transferred to Children's Hospital. She spent the night at Children's Hospital with surgery scheduled for Saturday, February 28. That surgery was cancelled. Plaintiff was in significant pain and took oxycodone as well as Advil and Tylenol to manage the pain.

14. Surgery was performed on March 4, 2015 at the Bethesda Chevy Chase Surgery Center. That surgery included the insertion of metal plates and screws to stabilize the bones.

15. Plaintiff had a difficult time dealing with the pain of her injury and suffered significant emotional distress.

16. Plaintiff underwent surgery again on May 4, 2015 to remove some of the hardware used to stabilize her elbow and forearm.

17. On May 12, 2015, the surgeon noted during a follow-up visit that Plaintiff had a "guarded prognosis at best which is complicated by her difficulty accepting her injury and somewhat low pain tolerance overall."

18. During her recovery, Plaintiff engaged in physical therapy several times a week. These therapy sessions caused her to miss some of the extracurricular activities in which she otherwise would have engaged.

19. On December 21, 2015, Plaintiff underwent a third surgery to remove the remaining hardware and to perform a left elbow contracture release.

20. Plaintiff has suffered permanent physical injuries. She cannot fully rotate her left arm and cannot sleep on her left side. She cannot perform simple tasks such as getting a parking ticket in a parking garage with her left hand. She even has difficulty doing simple day to day activities like opening a plastic bottle. In addition, she is at increased risk of developing arthritis in the affected joints as she gets older.

21. Prior to the injury, Plaintiff played field hockey and was a starter both her freshman and sophomore years on the junior varsity team. She was not able to try out for the varsity team her junior year due to her injury, but did participate by being the Team Manager. She tried out and made the team her senior year, but she saw very little playing time. She simply was not the same player she had been prior to the injury.

22. Plaintiff's grades suffered as a result of her injury. The semester of the accident she had the lowest GPA of her four years at the School and had 21 absences that semester. The accident impacted her overall GPA. In addition, Plaintiff needed to engage the services of a math tutor for the remainder of her sophomore year and a Spanish tutor for her entire junior year in order to make up for the impact that the injury had on her attendance and studies.

23. Plaintiff was billed for medical costs in excess of $170,000.00 to treat her injuries. Her insurance company's negotiated rates resulted in payment by her insurance company of more than $55,000.00 of those costs. Her family was responsible for a deductible of $1,500.00 as well as more than $38,000.00 of those costs. Thus, her medical expenses exceed $90,000.00.

24. Plaintiff incurred additional miscellaneous costs including $2,240.00 in tutoring costs and $690.00 for an arm brace not covered by insurance.

25. Plaintiff is also entitled to monetary compensation for the mental pain and anguish and emotional distress caused by the physical injuries that she suffered and by the impact of those injuries on her grades and her inability to participate in extra-curricular activities. Plaintiff is seeking $750,000.00 for said mental pain and anguish and emotional distress.

26. Plaintiff is also entitled to monetary compensation for the permanent nature of her injuries and their impact on the quality of her day to day life. Plaintiff is seeking $500,000.00 for said permanent injuries.

**IV. CLAIM FOR NEGLIGENCE**

27. Plaintiff incorporates the allegations of paragraphs 1-26 of this Complaint as though said paragraphs were fully set forth herein.

28. On February 27, 2015, Defendant by and through its agents and employees maintained the premises at the School including the sidewalks, parking lots, entrances, and exits to said

premises in a negligent manner as they did not treat the walkways for snow and ice, creating a hazardous condition due to the accumulation of snow and ice.

27. As Plaintiff was walking from the parking lot to the classroom, she was caused to slip and fall on the ground due to the untreated condition of the walkways, sustaining severe and permanent injuries.

28. Defendant had a duty to Plaintiff and others to maintain the aforementioned premises, including the sidewalks, parking lots, entrances, and exits, in a reasonably safe condition for persons lawfully on the premises, including the Plaintiff.

29. Defendant disregarded its duty and failed to properly maintain, clean, remove, and clear the sidewalks, parking lots, entrances, and exits, allowing the sidewalks, parking lots, entrances, and exits to accumulate snow and ice so as to render them dangerously slippery and unsafe for use. As a result of this dangerous condition, Plaintiff slipped and fell.

30. Defendant, as the maintainer of the premises, through its agents and employees, acted with less than reasonable care and committed one of more of the following careless and negligent acts and omissions:

    a. improperly operated, managed, maintained and controlled its premises in failing to properly maintain the sidewalks, parking lots, entrances, and exits;

    b. failed to provide slip resistant surfaces in the sidewalks, parking lots, entrances, and exits;

    c. failed to warn the Plaintiff and other persons lawfully on the premises of the dangerous condition when Defendant knew or should have known in the exercise of ordinary care that a warning was necessary to prevent injury to the Plaintiff;

    d. failed to make a reasonable inspection of the premises when it knew or in the exercise of ordinary care should have known that an inspection was necessary to prevent injury to the Plaintiff;

    e. allowed the premises to remain in a dangerously slippery condition, making the sidewalks, parking lots, entrances, and exits unfit for passage for an unreasonable length of time;

  f.  failed to perform snow and ice removal services, allowing the creation of slippery conditions on the sidewalks, parking lots, entrances, and exits;

  g.  was otherwise careless and negligent in the operation of its premises.

31. As a direct and proximate result of one or more of the foregoing negligent acts and omissions of the Defendant, Plaintiff sustained severe and permanent injuries, was and will be hindered and prevented from attending to her usual duties and affairs, and has lost and in the future will lose the value of her time.

32. As a direct and proximate result of one or more of the foregoing negligent acts and omissions of the Defendant, Plaintiff suffered great pain and anguish, both in mind and body, and will continue to suffer pain and anguish in the future.

33. As a direct and proximate result of one or more of the foregoing negligent acts and omissions of the Defendant, Plaintiff expended large sums of money for medical care and services, and for tutoring services to enable her to keep up with her school work due to the hours of school that she was forced to miss due to her injuries.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant in the amount to be determined by the jury, including the following:

1. reimbursement of all amounts paid by her and her insurance company for medical care, services and equipment;

2. $750,000.00 in damages for the mental pain and suffering of Plaintiff for the injuries suffered that were caused by Defendant's negligence, for the mental pain and suffering of Plaintiff due to the surgeries performed due to the injuries suffered that were caused by Defendant's negligence, for the mental pain and suffering that Plaintiff endured due to her

inability to carry on her usual affairs as a result of her injuries that were caused by Defendant's negligence;

3.     $500,000.00 in damages to compensate for the permanent injuries that were caused by Defendant's negligence and their impact on her future quality of life;

4.     $2,240.00 for reimbursement for tutoring services necessitated by Plaintiff's absences due to her injuries;

7.     costs of this lawsuit; and

8.     such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

                                     Respectfully submitted,

                                     s/ Larry S. Gondelman
                                     Larry S. Gondelman
                                     DC Bar 950691
                                     Powers Pyles Sutter & Verville, PC
                                     1501 M Street, NW
                                     Suite 700
                                     Washington, DC 20005
                                     202.466.6550
                                     larry.gondelman@powerslaw.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

SARA-BRADY McGINN
_Plaintiff(s)_

v.    Civil Action No.

GEORGETOWN VISITATION PREPARATORY SCHOOL
_Defendant(s)_

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  GEORGETOWN VISITATION PREPARATORY SCHOOL
1524 34TH ST., NW
WASHINGTON, DC 20007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

LARRY S. GONDELMAN
POWERS PYLES SUTTER & VERVILLE, PC
1501 M STREET, NW #700
WASHINGTON, DC 20005

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____    _____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: